**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

LUIS ANTHONY WITTRIEN,

    Plaintiff,

v.

NURSE PRACTITIONER FNU JODI, et al.,
in their individual capacities,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-19

## O R D E R

Plaintiff, who is currently housed at the Coffee County Jail in Douglas, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DEFERS** ruling on Plaintiff's Motion. The Court **DIRECTS** Plaintiff to amend his Complaint within **fourteen (14) days** of the date of this Order.

### BACKGROUND

In his Complaint, Plaintiff alleges he was shot on September 10, 2016, which resulted in the removal of a portion of his bladder and significant scarring. (Doc. 1, p. 17.) Plaintiff contends he arrived at the Coffee County Jail on December 21, 2016, and a few days later, he began having difficulty urinating. Plaintiff asserts he notified "medical" at that time of his difficulty urinating, and he continued to notify "medical" of pain in his stomach. (Id.) Plaintiff maintains he began urinating blood on or around January 13, 2017, and he notified "medical and officers" making rounds and dispensing medications of this. (Id.) Plaintiff states he filed a grievance and continued making requests for medical attention, but no one ever responded.

Plaintiff contends he told every officer or staff member who came to his dorm about his severe pain and blood in his urine. Plaintiff asserts he was finally seen by medical and was diagnosed as having a urinary tract infection. (Id. at p. 18.) According to Plaintiff, "medicals [sic] failure" to act caused his bladder to reopen, and anyone could see that something was leaking from his body. (Id.) However, Plaintiff states "medical and staff officers" refuse to get him medical care and treatment. (Id.)

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee. In addition, under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff names twenty-one individuals as Defendants in this case, including one "John Doe" Defendant and three "Jane Doe" Defendants. However, Plaintiff fails to set forth facts indicating which individuals he claims violated his constitutional rights. Moreover, Plaintiff does not explain what actions each Defendant took individually to violate his rights. Instead, Plaintiff repeatedly states that "medical" and "officers" were deliberately indifferent to his serious medical needs. Such conclusory allegations against Defendants collectively are insufficient to support a properly pled Section 1983 complaint.

Accordingly, Plaintiff's Complaint in its current form fails to state a claim upon which relief may be granted. Thus, the Complaint is due to be dismissed. However, the Court will provide Plaintiff the opportunity to amend his Complaint and will **DEFER** ruling on his *in forma pauperis* Motion at this time. Within **fourteen (14) days** of the date of this Order, Plaintiff must submit an Amended Complaint naming the specific persons who Plaintiff contends violated his constitutional rights and explaining how each of those persons violated his rights. Moreover, Plaintiff is advised that his Amended Complaint must provide some identifying information regarding the "John Doe" and "Jane Doe" Defendants, or the Court will dismiss his claims against those Defendants.

**CONCLUSION**

For the above-stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court **DIRECTS** Plaintiff to amend his Complaint to specify any individual he claims violated his constitutional rights within **fourteen (14) days** of the date of this Order and to specify what actions each individual Defendant to violate his rights. The Court also **DIRECTS** Plaintiff to provide some identifying information as to his "John Doe" and "Jane Doe" Defendants in his Amended Complaint. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order. The Court **DIRECTS** the Clerk of Court to mail Plaintiff a copy of the blank 42 U.S.C. § 1983 form this Court prefers prisoner-plaintiffs to use.

**SO ORDERED**, this 3rd day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA